JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MUNEER MUSTAFA TAWAM

**DEFENDANTS**
APCI FEDERAL CREDIT UNION

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   LEHIGH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Emmett Madden   215-884-9300
711 West Ave
Jenkintown PA 19046

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal ☐ 340 Marine / Injury Product ☐ 345 Marine Product / Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage ☐ 362 Personal Injury - / Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12181
Brief description of cause:
TITLE III - ADA- WEBSITE INACCESSIBLE TO BLIND CUSTOMERS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

JAN 10 2018

DATE   01/08/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**JFL**

**UNITED STATES DISTRICT COURT**

18   122

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2720 Holme Ave Phila PA 19152

Address of Defendant: 7201 Hamilton Blvd Allentown PA 18195

Place of Accident, Incident or Transaction: 2720 Holme Ave Phila PA 19152
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, R. Emmett Madden , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: 1/8/18     _____     86894
                 Attorney-at-Law     Attorney I.D.#     JAN 10 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1-8-18     _____     86894
                 Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Tawam

v.

APC/ Federal Credit Union

CIVIL ACTION

NO. **18   122**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.            (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.            (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)            (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

_1-8-18_
**Date**

_R. Emmett MADDEN_
**Attorney-at-law**

_Plaintiff_
**Attorney for**

_215-884-9300_
**Telephone**

_215-701-4214_
**FAX Number**

_emadden@thephillylawyers_
**E-Mail Address**

(Civ. 660) 10/02



LAW OFFICES OF R. EMMETT MADDEN
R. EMMETT MADDEN, ESQUIRE
NO. 86894
711 WEST AVE
JENKINTOWN, PA 19046
TELE: 215-884-9300
FAX: 215-701-4214

FILED

JAN 1 0 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Muneer Mustafa Tawam, | : | |
| | : | Dkt. No.    **18    122** |
| | : | |
| Plaintiff | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| APCI Federal Credit Union, | : | |
| | : | |
| Defendant | : | |

## PLAINTIFF'S COMPLAINT

1.     Plaintiff Muneer Mustafa Tawam ("Plaintiff"), a resident of the Commonwealth of Pennsylvania, residing therein at 2720 Holme Avenue, Philadelphia, PA 19152, makes the following allegations based on his personal knowledge of his own acts and, otherwise, upon information and belief including based on investigation of counsel, against Defendant APCI Federal Credit Union ("Defendant"), a federal credit union with its principal place of business at 7201 Hamilton Blvd., Allentown, PA 18195-9642.

## I.   JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*.

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1)-(3) because Defendant resides in this District, Defendant's principal place of business is in this District, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## II.   THE PARTIES

4.      Plaintiff is an adult, and is permanently blind and uses a screen reader in order to access the internet and read website content.  Despite several attempts to use and navigate the website of Defendant, www.apcifcu.org, Plaintiff has been denied the full use and enjoyment of the facilities and services of apcifcu.org as a result of accessibility barriers on apcifcu.org.  The access barriers on apcifcu.org have caused a denial of Plaintiff's full and equal access multiple times.  Similarly, the access barriers on apcifcu.org have deterred Plaintiff from visiting Defendant's credit union location.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a federal credit union with its principal place of business located in Allentown, Pennsylvania, in this District.  Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates a credit union location in Pennsylvania.  The credit union location constitutes a place of public

2

accommodation. Defendant's location provides to the public important goods and/or services. Defendant also provides to the public the apcifcu.org website. Apcifcu.org provides access to Defendant's array of services, including a locator for Defendant's facilities, information that enables a person without an account to learn what services Defendant has to offer potential customers including descriptions of its amenities and services that enable a user to obtain general information about particular topics and specific information about what Defendant offers, and many other benefits related to these facilities and services. Defendant's facilities are public accommodations within the definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181(7). Apcifcu.org is a service, privilege, advantage, and accommodation of Defendant's facilities. Apcifcu.org is a service, privilege, advantage, and accommodation that is heavily integrated with Defendant's location.

6.      At all times relevant to the Complaint, Defendant was acting through its agents, servants and/or employees.

### III.     FACTUAL BACKGROUND

### Applicability of the ADA to Commercial Websites

7.      The Internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

3

8.      Blind individuals may access websites by using keyboards in conjunction with
        screen-reading software that vocalizes visual information on a computer
        screen.  Screen access software provides the only method by which a blind
        person may independently access the internet.  Unless websites are designed
        to be read by screen reading software, blind persons are unable to fully access
        websites and the information, products and services contained thereon.

9.      The international website standards organization, W3C, has published version
        2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0
        are well-established guidelines for making websites accessible to blind and
        visually-impaired people.  These guidelines are successfully followed by
        numerous large business entities to ensure their websites are accessible.
        These guidelines recommend several basic components for making websites
        accessible including, but not limited to:  adding invisible alternative text to
        graphics; ensuring that all functions can be performed using a keyboard and
        not just a mouse; ensuring that image maps are accessible; and adding
        headings so that blind people can easily navigate websites. Without these very
        basic components, a website will be inaccessible to a blind or visually-
        impaired person using a screen reader.

10.     Within this context, numerous federal courts have recognized the viability of
        ADA claims against commercial website owners/operators with regard to the
        accessibility of such websites. *See, e.g., Andrews v. Blick Art Materials, LLC,*
        -- F. Supp. 3d --, 2017 WL 3278898, at *12, *15-*18 (E.D.N.Y. Aug. 1, 2017)
        (Weinstein, J.); *Thurston v. Chino Commercial Bank, N.A.*, No. CV 17-01078

4

BRO (JCx), 2017 WL 3224681, at *5 (C.D. Cal. July 27, 2017) (citing *Gorecki*); *Markett v. Five Guys Enterprises LLC*, No. 1:17-cv-00788-KBF, slip op. at 4-6 [ECF #33] (S.D.N.Y. July 21, 2017); *Gorecki v. Hobby Lobby Stores, Inc.*, No. 2:17-cv-01131-JFW-SK, 2017 WL 2957736 (C.D. Cal. June 15, 2017) (Walter, J.) (denying a motion to dismiss sought against ADA and California's Unruh Civil Rights Act claims) ("[T]his is a relatively straightforward claim that Hobby Lobby failed to provide disabled individuals full and equal enjoyment of goods and services . . . by not maintaining a fully accessible website. There is nothing unique about this case, as federal courts have resolved effective communication claims under the ADA in a wide variety of contexts-- including cases involving allegations of unequal access to goods, benefits and services provided through websites."); *Gil v. Winn-Dixie Stores, Inc.*, No. 16-23020-Civ-Scola, -- F. Supp. 3d --, 2017 WL 2547242, at *7 (S.D. Fla. June 13, 2017) (finding that the defendant, a large supermarket chain, had violated the plaintiff's rights under the ADA by failing to maintain an accessible website after a non-jury trial); *Frazier v. Ameriserv Financial Bank*, Nos. 2:16-cv-01898-AJS (Lead Case), 17cv0031 [ECF #107], slip op. at 20 (W.D. Pa. Apr. 21, 2017) (denying a motion to dismiss an ADA claim alleging an inaccessible commercial website); *Frazier v. Churchill Downs Inc.*, Nos. 2:16-cv-01898-AJS (Lead Case), 2:16-cv-0007 (Member Case) [ECF #107] slip op. at 20 (W.D. Pa. Apr. 21, 2017) (same); *OmahaSteaks.com, Inc. v. Access Now, Inc., et al.*, No. 8:17-cv-00060-LSC-CRZ [ECF #9-1] (D. Neb. Apr. 17, 2017) (consent decree); *Access Now, Inc.,*

*et al. v. Omahasteaks.com, Inc.*, Nos. 2:16-cv-01898-AJS (Lead Case), 2:17-cv-00269-AJS (Member Case) [ECF #99] (W.D. Pa. Apr. 11, 2017 (same); *Gil v. Winn-Dixie Stores, Inc.*, -- F. Supp. 3d --, No. 16-23020-Civ-Scola, 2017 WL 2609330 (S.D. Fla. Mar. 15, 2017) (denying a motion for judgment on the pleadings sought against an ADA claim alleging an inaccessible commercial website); *Nat'l Ass'n of the Deaf v. Harvard Univ.*, Case 3:15-cv-30023-MGM, 2016 WL 3561622, at *12-*20 (D. Mass. Feb. 9, 2016) (Robertson, Mag. J.) (recommending the denial of a motion to dismiss or stay predicated on the primary jurisdiction doctrine), *adopted in Nat'l Ass'n of the Deaf v. Harvard Univ.*, Case 3:15-cv-30023-MGM, 2016 WL 6540446, at *1-*3 (D. Mass. Nov. 3, 2016) (Mastroianni, J.); *Nat'l Ass'n of the Deaf v. Massachusetts Inst. of Tech.*, Case 3:15- cv-30024-MGM, 2016 WL 3561631, at *1 (D. Mass. Feb. 9, 2016) (Robertson, Mag. J.)(recommending the denial of a motion to dismiss or stay predicated on the primary jurisdiction doctrine), *adopted in Nat'l Ass'n of the Deaf v. Massachusetts Inst. of Tech.*, Case 3:15-cv-30024-MGM, 2016 WL 6652471, at *1 (D. Mass. Nov. 4, 2016) (Mastroianni, J.); *Edward Davis v. Orlando Wilshire Investments Ltd., et al.*, No. 5:15-cv-01738-MWF-KK, slip op. at 10 [ECF #17] (C.D. Cal. Nov. 2, 2015) (Fitzgerald, J.) (denying motion to dismiss in a website accessibility case) ("the Court concludes that the Complaint sufficiently alleges that the inaccessibility of the Website impedes the full and equal enjoyment of the Hotel."); *Nat'l Fed'n of the Blind v. Scribd, Inc.,* 98 F. Supp.3d 565, 576 (D. Vt. 2015) (denying a motion to dismiss an ADA claim against a commercial

website operator); *James Patrick Brown v. BPS Direct, LLC, et al.*, Case No. LACV 14-04622 JAK (JEMx) slip op. at 4-7 [ECF #30] (C.D. Cal. Oct. 6, 2014) (Krondstadt, J.) (denying the defendant's motion to dismiss while relying on the *Target* decision as "persuasive", and holding "the Complaint does allege that Bass Pro Shops is a chain of brick-and-mortar stores and that BassPro.com is a website providing information about Bass Pro Shops products, offers, and locations.... [and that] a nexus could be established here through discovery."); *Penney v. Kohl's Dep't Stores, Inc., et al.*, No. 8:14-cv-01100-CJC-DFM [ECF #12] slip op. at 3 (C.D. Cal. Sept. 23, 2014) (Carney, J.) (denying a motion to dismiss and stating, "Thus, the Complaint states plausible facts that establish the requisite nexus between the challenged service and the place of public accommodation."); *National Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196, 200 (D. Mass. 2012) (excluding web-based services would "run afoul of the purposes of the ADA and would severely frustrate Congress's intent that individuals with disabilities fully enjoy the goods, services, privileges, and advantages available indiscriminately to other members of the general public"); *id.* at 200-01 ("[T]he legislative history of the ADA makes clear that Congress intended the ADA to adapt to changes in technology.") (quoting H.R. Rep. 101-485(II), at 108 (1990)) ("[T]he Committee intends that the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing technology of the times."); *Shields v. Walt Disney Parks and Resorts US, Inc.*, 279 F.R.D. 529, 559 (C.D.

Cal. 2011) (rejecting as "unpersuasive" Disney's argument that "there is no accepted accessibility standard" and the argument that the DOJ has yet to determine what standards to apply to websites and stating, "The lack of a widely accepted standard for website accessibility does not preclude injunctive relief that would improve access to Defendants' websites by the visually impaired."); *Nat'l Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) ("To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict the plain language of the statute."); *id.* at 953-54 ("consistent with the plain language of the statute, no court has held that under the nexus theory a plaintiff has a cognizable claim only if the challenged service prevents physical access to a public accommodation.  Further, it is clear that the purpose of the statute is broader than mere physical access—seeking to bar actions or omissions which impair a disabled person's "full enjoyment" of services or goods of a covered accommodation. 42 U.S.C. § 12182(a). Indeed, the statute expressly states that the denial of equal "participation" or the provision of "separate benefit[s]" are actionable under Title III. *See* 42 U.S.C. § 12182(b)(1)(A)."); *cf. Hindel v. Husted*, No. 2017 WL 432839, at *7 (S.D. Ohio Feb. 1, 2017) (granting a motion for preliminary injunction against the Ohio Secretary of State based on the accessibility of the state's website under Title II of the ADA and requiring conformance with WCAG 2.0 Level A and AA Success Criteria).

**The Inaccessibility of Defendant's Website to the Visually-Impaired**

11.     Defendant offers the commercial website, apcifcu.org, which provides, among other things, information concerning the credit union locations it operates, information and descriptions of its amenities and services, privileges, advantages, and accommodations, and allows users to find the location for them to visit.

12.     Based on information and belief, it is Defendant's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to apcifcu.org. Due to Defendant's failure and refusal to remove access barriers on apcifcu.org, Plaintiff and other blind and visually impaired individuals have been denied equal enjoyment of and access to Defendant's location and to the other services, advantages, privileges, and accommodations offered to the public through apcifcu.org.

13.     Defendant denies blind individuals equal enjoyment of and access to the services, privileges, advantages, and accommodations and information made available through apcifcu.org by preventing them from freely navigating apcifcu.org.  Apcifcu.org contains access barriers that prevented free and full use by blind persons using screen reading software.

14.     Apcifcu.org's barriers are pervasive and include, but are not limited to, the following: (1) Missing alternative text which presents a problem because an image without alternative text results in an empty link. Alternative Text is invisible code embedded beneath a graphical image on a website. Web accessibility requires that Alternative Text be coded with each picture so that

9

a screen reader can speak the Alternative Text where a sighted user sees pictures.  Alternative Text does not change the visual presentation, but instead a text box will pop-up when the mouse moves over the picture.  The lack of Alternative Text on these graphics prevents screen readers from accurately vocalizing a description of the graphics.  As a result, visually-impaired APCI Federal Credit Union customers are unable to determine what is on the website, browse the site, look for Defendant's location, check out Defendant's amenities, and/or determine whether to visit the location; (2) Document language is missing, which means that the language of the document is not identified.  This is a problem because identifying the language of the page allows screen readers to read the content in the appropriate language. It also facilitates automatic translation of content; (3) Empty or missing form labels which presented a problem because if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls; and (4) Empty links that contain no text causing the function or purpose of the link to not be presented to the user. This can introduce confusion for keyboard and screen reader users.

15.     Due to the inaccessibility of apcifcu.org, blind and otherwise visually impaired customers who use screen readers are hindered from effectively browsing for Defendant's location, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users.  If apcifcu.org were accessible, Plaintiff could independently and privately

investigate Defendant's services, privileges, advantages, and accommodations and amenities, and find the location to visit via Defendant's website as sighted individuals can and do.

16.     Despite several attempts to use apcifcu.org in recent months, the numerous access barriers contained on Defendant's website have denied Plaintiff's full and equal access, and deterred Plaintiff on a regular basis from accessing Defendant's website.   Similarly, based on the numerous access barriers contained on apcifcu.org, Plaintiff has been deterred from visiting Defendant's physical location that Plaintiff may have located by using apcifcu.org.

## IV.     CIVIL CLAIMS

### COUNT I
### Violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

17.     Plaintiff incorporates his allegations set forth above as if fully and completely set forth at length herein.

18.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to

11

afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

20.    Defendant's location is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq.* Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in Pennsylvania through its location and related services, privileges, advantages, and accommodations and apcifcu.org. Apcifcu.org is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to patrons who are visually-impaired like Plaintiff. This inaccessibility denies visually-impaired patrons full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the non-disabled public. Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, in that Defendant denies visually-impaired customers the services, privileges, advantages, and accommodations provided by apcifcu.org. These violations are ongoing.

21.    Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* in that:  Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

22.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

13

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A.      For preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), requiring Defendant to take the steps necessary to make apcifcu.org readily accessible to and usable by visually-impaired individuals;

B.      Plaintiff's reasonable attorneys' fees and court costs; and

C.      Such other and further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF F. EMMETT MADDEN, P.C.

BY: _____
        R. EMMETT MADDEN, ESQUIRE

14